■ In the Matter of the Claim of JESSIE EVANS, Respondent, v. ALLEGHENY LUDLUM STEEL CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Decedent died on the job from an acute

heart attack. He had been engaged in transferring steel billets from a 1350-degree furnace to a furnace heated to 2075 degrees. The billets weighed about 20 pounds each and were removed and carried by means of cupped tongs, weighing from 4 to 5 pounds and over 18 inches long, the billets being carried waist-high and at arm's length, thereby, of course, increasing the strain and effort beyond that necessary to carry objects of equivalent weight in normal fashion. The billets, heated to a cherry red, were carried from 15 to 20 feet, depending on the particular furnaces in use. They were moved rapidly because of the oppressive furnace heat, appellant's witness testifying that "We were pecking right along because, listen, when you are working in the heat the sooner you can get your job done and get out of there the better off you are." Decedent transferred approximately 8 billets in 5 minutes, walked about 14 feet, collapsed and died instantly. Earlier that day, he had complained of feeling unwell, wished to go home and asked for relief, but had to continue working until a relief man could be obtained; and when told that the relief man would not come on until 2:00 P.M., said that he "might just as well work until 4 o'clock", the usual quitting time. The impartial specialist designated by the board reported that the "Autopsy report and other expert testimony indicates an established myocardial infarction of recent origin"; that from his examination of the file he concluded "that this 50 year old man * * * died suddenly while on the job, within a very few minutes of having completed a phase of his usual and rather strenuous work activity"; and that "Strenuous work activity * * * must * * * be regarded as being a causal factor in the manner of aggravation." Testifying, he confirmed his opinion of causal relation to decedent's exertion, which he characterized as "fairly hard manual labor * * * hard work * * * 'his usual and rather strenuous work activity'". On cross-examination, he denied that decedent had "an advanced degree of atherosclerosis", thus controverting appellant's theory of death due to the natural progression of that disease. Appellant's only arguments with respect to the impartial specialist's testimony are, first, that he said that he did not "recall anything about the testimony that was out of the routine", but the doctor had just been handed the Workmen's Compensation Board file and after this the doctor and cross-examining counsel together reviewed in detail the doctor's written report and the autopsy protocol; and, second, that the doctor said that there was "no accidental injury" and that decedent died of "heart disease, not an injury," but from the record it is too clear to require discussion that the doctor did not use such words as "accidental", "injury" and "trauma" in the technical, legal sense in which they are employed in workmen's compensation law (cf. *Matter of Bochkarev* v. *Henry's Landscaping Serv.*, 18 A D 2d 1113, mot. for lv. to app. den. 13 N Y 2d 595); and that he unequivocally related decedent's death to his arduous work. The pathologist who had conducted a post-mortem examination said that decedent's work "of this day precipitated his death, and it is my opinion that the thing is directly causally related"; and, asked if he was "assuming this work was competent to producing the cardiac failure", replied "Absolutely". Appellant stresses a previous remark by the doctor as to absence of "undue exertion" but in the very next sentence, the doctor said, "He could be doing his average daily job and this would have precipitated or aggravated his condition; *particularly in this man's work*" (emphasis supplied); and it seems likely that in this instance, and at other times during the hearings, the witnesses were misled by counsel's seeming misapprehension of the correct rule, in that he apparently considered it necessary for claimant to prove strain exceeding that of the usual work, however arduous. A cardiologist, called by claimant,

said that "this man was transferring at a rapid rate hot bars of metal and so forth, which, in my opinion, is sufficient to precipitate ventricular fibrillation in the midst of an acute serious heart attack which we know is going on." Although appellant's medical experts considered that decedent's fatal attack while working was merely coincidental, in point of time, one of them, although first denying causal relationship, then admitted that the work effort described to him "would aggravate" decedent's pre-existing heart condition. Medical opinion that in the light of his pre-existing condition, decedent should not have been doing this work at all does not bar an award. (*Matter of Pauson* v. *Manger Vanderbilt Hotel*, 7 A D 2d 686, mot. for lv. to app. den. 5 N Y 2d 710, citing *Matter of Kelpin* v. *Watts & Sons*, 5 A D 2d, 722, mot. for lv. to app. den. 4 N Y 2d 675.) Appellant is critical of the board finding that "the work exertion activities * * * contributed to the fatal heart attack" and while we do not approve the conclusory form of the finding, and in some cases the decision might be considered deficient in failing to find specified activities, evaluated as constituting arduous work or excessive strain, in this case the evidence in respect thereto, adduced from the employee and witness of the self-insured employer, was clear, uncontradicted and, indeed, unquestioned and the basis of the decision is, therefore, unmistakable. (See *Matter of Jessup* v. *Jessup & Stevens Garage*, 12 A D 2d 699, 700, affd. 10 N Y 2d 854; *Matter of Cliff* v. *Dover Motors*, 11 A D 2d 883, 884, affd. 9 N Y 2d 891.) In any event, the form of the decision is not within the issues framed by the stipulation for a shortened record. (Rules and Procedure of the Workmen's Compensation Board, rule 17, subd [c].) Decision affirmed, with costs to the Workmen's Compensation Board. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.